UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KERRY RITA CONSTANTINO,

              Plaintiff,

        v.

NEW YORK CITY OFFICER, RODRIGUEZ #928,

              Defendant.

**MEMORANDUM & ORDER**
24-CV-7885 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

    *Pro se* Plaintiff Kerry Rita Constantino filed this action against Defendant Rodriguez alleging false arrest under 42 U.S.C § 1983. ECF No. 1 (Complaint). The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"), *see* ECF No. 2 (IFP Motion), pursuant to 28 U.S.C. § 1915. However, for the reasons discussed below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may, however, submit an amended complaint that addresses the issues raised in this Order on or before February 7, 2025.

## BACKGROUND

    Plaintiff alleges that she was falsely arrested without a warrant at her residence in Staten Island on November 6, 2024, at 9:03 AM and brought to the 79th Precinct in Brooklyn. ECF No. 1 at 2, 4–5.[1] She further alleges that the case against her was dismissed on February 1, 2024 (confusingly, that date predates the date on which she alleges she was arrested). *Id.* at 5. In support of her claim, Plaintiff attaches to her Complaint a February 1, 2024, order from a

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

seemingly unrelated action in Kings County Family Court dismissing an application for an order of protection against Plaintiff that was sought by an individual named Marvin Seabrook.  ECF No. 1 at 8.  Plaintiff seeks monetary damages in "the full amount [she is entitled] to for violating [her] civil rights."  *Id.* at 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each named defendant so that they have adequate notice of the claims against them.  *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*  To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding

---

[2]   Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

2

of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Additionally, under 28 U.S.C. § 1915(e)(2)(B), a district court "shall" dismiss an action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (ii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

Plaintiff asserts her false arrest claim under Section 1983. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived [them] of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

### I. False Arrest

A Section 1983 claim for false arrest or false imprisonment "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "False arrest is simply false imprisonment accomplished by means of an unlawful arrest." *Jenkins v. City of New York*, 478 F.3d 76, 88 n.10 (2d Cir. 2007). Such claims are one and the same because "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

The substantive elements of a false arrest claim under Section 1983 are "substantially the same as [for] a claim for false arrest under New York law." *Id.* To establish a claim for false arrest and imprisonment, a plaintiff must prove: "(1) the defendant intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) did not consent to such confinement; and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003). An arrest made with probable cause, for example, would be considered privileged. *Iacobi v. Felix*, No. 19-cv-03245, 2022 WL 21781617, at *2 (E.D.N.Y. Sept. 9, 2022). Plaintiff's complaint, however, sets forth no facts regarding the circumstances of her arrest. She simply alleges that she was falsely arrested. Based on the bare assertions in Plaintiff's Complaint, the Court cannot determine that she has sufficiently alleged the elements of a Section 1983 false arrest claim.

### II. Personal Involvement

Although Plaintiff names Officer Rodriguez as a defendant, she fails to allege any factual allegations against Officer Rodriguez. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*,

720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). Here, the Plaintiff has not pled any facts to show that Officer Rodriguez had any personal involvement in the alleged violations asserted in her complaint. *See, e.g.*, *Cash v. NYPD*, No. 23-cv-02712, 2024 WL 2891799, at *3 (E.D.N.Y. June 10, 2024) (dismissing claim against officer where there was no indication that officer had any personal involvement in the purported constitutional deprivation).

### III.     Rule 8 of the Federal Rules of Civil Procedure

Finally, the Court's "special solicitude for *pro se* pleadings has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." *Kastner v. Tri State Eye*, No. 19-cv-10668, 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019). Here, Plaintiff's vague pleading does not comply with Rule 8, which requires a plaintiff to provide a short, plain statement of her claims to provide each Defendant with adequate notice of the claim(s) against them. *Iqbal*, 556 U.S. at 678.

### IV.     Leave to Amend

The Court will allow Plaintiff one opportunity to amend her Complaint to remedy the issues identified herein. Plaintiff may file an amended complaint on or before February 7, 2025. Any amended complaint must identify her legal claim and set forth a short, plain statement of the relevant facts supporting it. Plaintiff must name as the Defendant in the caption and in the "Statement of Claim" those individuals who were allegedly involved in the deprivation of her federal rights. For each Defendant named, the Plaintiff should include a brief description of what each Defendant did or failed to do, the date, including the year the incident occurred, where Defendant is employed, and how Defendant's acts or omissions caused Plaintiff injury. Plaintiff

should annex any documentation that post-dates her arrest that she may have to support her allegations that the charges filed pursuant to the November 6, 2024, arrest were dismissed. Plaintiff is informed that any amended complaint will completely replace, not supplement the original complaint. The amended

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint, filed IFP, is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court grants Plaintiff leave to file an amended complaint on or before February 7, 2025. Any amended complaint she elects to file must be captioned "Amended Complaint" and bear the same docket number as this Order. If Plaintiff does not file an amended complaint on or before February 7, 2025, the Court will direct the Clerk of Court to issue judgment and close this case.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                   HECTOR GONZALEZ
                                                   United States District Judge

Dated: Brooklyn, New York
       January 17, 2025